AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means  ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Oregon

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 6:19-mc- 379
Blue Samsung Verizon slide phone and black Motorola )
Verizon smart phone currently located at 730 SW )
Bonnett Way, Bend, OR. )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ Oregon
*(identify the person or describe the property to be searched and give its location)*:

Blue Samsung Verizon slide phone and black Motorola Verizon smart phone as described in Attachment A hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before ___5/15/19___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   U.S. Magistrate Judge Mustafa T. Kasubhai, via Clerk   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   5/1/19

_____
*Judge's signature*

City and state:   Eugene, Oregon     Mustafa T. Kasubhai, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return |||
|---|---|---|
| Case No.: 6:19-mc-379 | Date and time warrant executed: 5/2/2019 7:53 am | Copy of warrant and inventory left with: |
| Inventory made in the presence of: James Bents |||
| Inventory of the property taken and name(s) of any person(s) seized: Data extracted from a Blue Samsung Verizon slide phone and a black Motorola Verizon smart phone. |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 5/8/19

Executing officer's signature

Chad Lapp Special Agent
Printed name and title

## ATTACHMENT A

### Phones to Be Searched

The phones to be searched are a black Motorola Verizon smart phone, model number XT1710-02 and a blue Samsung Verizon slide phone, model number SCH-U460 and are currently located at the FBI Portland Division, Bend Resident Agency, at 730 SW Bonnett Way, Bend, Oregon, in the Evidence Locker, identified with case number 9A-PD-2609198. The Samsung phone is marked as Evidence Item 1B1 and the Motorola is marked as Evidence Item 1B2.

## ATTACHMENT B

### Items to Be Seized

1. All records on the Devices described in Attachment A that relate to violations of 18 U.S.C. § 2261A(2)(B) (Stalking) and involve Jonathan Mann (MANN) since 07/26/2015, including:

    a. Lists of contacts and related identifying information.

    b. Communications between Mann and AV1, AV2, W1, and W2.

    c. Communications between Mann and anyone regarding AV1, AV2 and W1, and his intent in communicating with AV1, AV2 and W1.

    d. Information regarding Mann's feelings towards AV1, AV2 and W1 and their family, friends and associates, and information about any plans regarding them.

    e. Photos or records of contact with AV1, AV2, W1, and W2 and their family.

    f. Electronic notes regarding AV1, AV2, W1, and W2 and their family.

    g. Information recording MANN's schedule or travel from 07/26/2015 through the time of seizure.

    h. Information regarding MANN's mental state and mental health.

2. Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. Records evidencing the use of the Internet, including:

    a. Records of Internet activity, browser history and cookies, "bookmarked"

or "favorite" web pages, and search terms that the user entered into any Internet search engine.

        b.     Records of data storage accounts and use of data storage accounts.

4.     As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

### Search Procedure

5.     The examination of the Devices may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Devices to human inspection in order to determine whether it is evidence described by the warrant.

6.     The initial examination of the Devices will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete this review within 180 days of the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

7.     If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the Devices or image do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without

authorization from the Court. Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

8. If an examination is conducted, and it is determined that the Devices does not contain any data falling within the ambit of the warrant, the government will return the Devices to its owner within a reasonable period of time following the search and will seal any image of the Devices, absent further authorization from the Court.

9. The government may retain the Devices as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the Devices and/or the data contained therein.

10. The government will retain a forensic image of the Devices for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.